CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 03 2016

JULIA C. DUDLEY, CLERK
BY: H McDonna
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:94-cr-40106-19 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TIMOTHY BAKHARI MOTLEY, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Timothy Bakhari Motley, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

I.

I entered Petitioner's criminal judgment on May 5, 1995, and the United States Supreme Court denied a petition for a writ of certiorari on November 16, 1998. Petitioner filed the instant § 2255 motion no earlier than September 2016. The court conditionally filed the motion, advised him pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), warned that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Petitioner explains that he does not think the limitations period applies because he was sentence in 1995 and believes there was a jurisdiction error.

II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year

limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in November 1998 when the Supreme Court of the United States denied his petition for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until November 1999 to timely file his § 2255 motion. However, he did not file the instant motion until September 2016. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). I do not find any extraordinary circumstances in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify

2

equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or <u>pro se</u> status does not toll limitations period). Accordingly, I find that Petitioner filed his § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the motion must be dismissed.

### III.

For the foregoing reasons, the motion to vacate, set aside, or correct sentence is dismissed as untimely filed pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon my finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c) and <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 3rd day of November, 2016.

Senior United States District Judge