CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 11 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 7:94-cr-40106-19** |
| **v.** | **MEMORANDUM OPINION** |
| **TIMOTHY BAKHARI MOTLEY,**<br>**Petitioner.** | **By: Hon. Jackson L. Kiser**<br>**Senior United States District Judge** |

Timothy Bakhari Motley, a federal inmate proceeding pro se, had filed an unsigned document that the court construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court gave Petitioner the notice required by Federal Rule of Civil Procedure 11 and directed him to correct the deficiency by filing a completed § 2255 form. Petitioner has complied, arguing that he should be resentenced in light of Dean v. United States, 137 S. Ct. 1170 (2017).

Records indicate that the court already dismissed (Dkt. No. 1037) a prior § 2255 motion (Dkt. No. 1035). Thus, the § 2255 motion is a second or subsequent motion under 28 U.S.C. § 2255(h). Cf. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014). The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained that certification, I dismiss the § 2255 motion without prejudice as successive. Based upon the court's finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied. The unsigned motion to reduce sentence, which was subsumed by the signed § 2255 motion, is denied as moot.

ENTER: This 11th day of July, 2017.

_____
Senior United States District Judge